AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Nebraska

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| LEONEL RAMIREZ GOMEZ | ) | Case No. 4:15MJ3016 |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **January 16 and 23, 2015** in the county of **Hall** in the _____ District of **Nebraska**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| §841(a)(1), §841(b)(1) | Distribution of Methamphetamine (1/16/15) (mixture) |
| §841(a)(1), §841(b)(1) | Distribution of Methamphetamine (1/23/15) (mixture) |

This criminal complaint is based on these facts:

See Attachment A - Affidavit of Investigator Richard 'Rick' Conrad

☑ Continued on the attached sheet.

_____
Complainant's signature

Richard 'Rick' Conrad, HCSO/CNDSSTF
Printed name and title

Sworn to before me by telephone and reasonable electronic means:

Date: March 3, 2015.

City and state: Lincoln, Nebraska

_____
Cheryl R. Zwart, United States Magistrate Judge

## ATTACHMENT A

## AFFIDAVIT OF INVESTIGATOR RICHARD CONRAD

Your affiant has been a Deputy Sheriff with Hall County since March of 1993. Your affiant has been a member of the Hall County Sheriff's Office Drug Enforcement Unit and assigned to what is now known as the Central Nebraska Drug and Safe Streets Task Force (CNDSSTF) since November of 2006. The CNDSSTF is a Federal Bureau of Investigation (FBI) task force, and as a member of this task force, your affiant has been deputized by the FBI as a federal law enforcement officer. Since joining the task force, your affiant's work as a law enforcement officer has been focused almost exclusively on investigations involving illegal drugs. During your Affiants Employment with the Hall County Sheriff's Department, your Affiant has received eighty hours of training, both classroom and practical, related specifically to the investigation of controlled substances. This training was sponsored by the Drug Enforcement Administration Basic Course. Your Affiant also received Forty Hours of Drug Enforcement Level II at the Nebraska Law Enforcement Training Center. From June of 1996 to September 2005 your Affiant was assigned to the Hall County Sheriff's Office K-9 Division. Your Affiant received K-9 training from Lakewood Kennels in Norman Oklahoma, as well as extensive training with the Nebraska State Patrol's Police Service Dog Training program. In September of 2007 your Affiant took part in a twenty four hour course on electronic monitoring put on by M.O.C.I.C.

On January 16, 2015 a confidential informant, (CI) purchased approximately 29.6 grams of methamphetamine from LEONEL RAMIREZ GOMEZ (AKA CUBANO) for $700.00 during a "controlled buy" as lead by your affiant. The CI met with RAMIREZ GOMEZ on the south side of the Sanchez Plaza. RAMIREZ GOMEZ was driving a black 2005 Lincoln Navigator (8F5821), which is a vehicle which your affiant has associated with LEONEL RAMIREZ GOMEZ.

The CI provided your affiant with the suspected methamphetamine. Your affiant secured the evidence and took it to the Grand Island Law Enforcement Center, where it was weighed (29.6 grams) and it field tested positive for methamphetamine.

On January 22, 2015 the same CI from the controlled purchase dated January 16, 2015 identified LEONEL RAMIREZ GOMEZ as the subject identified as CUBANO from a photo line-up. The CI advised this is the same subject he purchased the methamphetamine from on January 16, 2015.

On January 23, 2015 the same CI purchased approximately one ounce of methamphetamine from LEONEL RAMIREZ GOMEZ for $800.00 again during a "controlled buy" as lead by your affiant. The CI also purchased a .22 caliber Phoenix Arms handgun for $300.00. The controlled purchase took place at 522 W. Charles #2, Grand Island, Hall County, Nebraska. Surveillance units with the Central Nebraska Drug and Safe Streets Task Force observed a gray 2008 Dodge Charger (8A2629), which is registered to LEONEL RAMIREZ GOMEZ, pull up to 522 W. Charles #2. RAMIREZ GOMEZ was observed with an unknown female, get out of the vehicle

and go to 522 W. Charles #2, where the CI made contact with RAMIREZ GOMEZ and purchased the methamphetamine and the handgun.

The CI gave your affiant the methamphetamine and the handgun, which were secured as evidence. The suspected methamphetamine was field tested, which was positive for methamphetamine. A weight of the evidence revealed approximately one ounce of methamphetamine.

Your affiant has since observed on multiple occasions, LEONEL RAMIREZ GOMEZ driving the gray 2008 Dodge Charge with Nebraska plates 8A2629. Also, your affiant has viewed LEONEL RAMIREZ GOMEZ driver's record, which shows an address of 522 W. Charles #2, Grand Island, Nebraska.

It is important to note to the court that late yesterday afternoon (March 2, 2015) Inv. Conrad spoke with CI about a warrant for CI's arrest that is out of Garden City Kansas. Inv. Conrad explained to CI that it was a misdemeanor warrant that was not extraditable. Conrad advised CI to go to Kansas and take care of the warrant which could be done by setting out a 180 day jail sentence. CI stated he would get the warrant taken care of sometime in late March "after spring break if that would work." Inv. Conrad stated that would work, and told CI that the warrant was minor but he needed to get taken care of as soon as he could.

Inv. Conrad then asked CI if he was "selling dope behind my back". CI became silent and let out a long exhale of breath. CI stated "you guys don't understand, when I'm in this deep what am I supposed to do? What am I supposed to do for money"? Inv. Conrad then asked CI who his "plug" was and CI advised "you know who I get it from, the same guy I always do." CI then paused for several seconds and the car was silent. CI then stated " Cubano" and asked, "do you want what I have left?" Inv. Conrad then asked CI if he currently had drugs with him and CI stated "no, it is at my house." Inv. Conrad asked CI how much do you have and CI responded, "not much, about 4 ounces." Inv. Conrad told CI Investigators would follow him to his house to get the drugs. CI exited the vehicle and got into his personal vehicle.

Inv. Conrad and Inv. Berlie followed CI's vehicle as it drove to 2323 Bellwood Drive #180 (Bellwood trailer park). As everyone approached the residence, CI called Inv. Conrad and asked him to park on the side of the residence so no one would see the vehicle. CI parked to the west of his residence and exited his vehicle. CI was observed as he walked into his residence and was inside for under one minute. CI then exited the residence with a cigar box in his left hand and large fold of money in his right hand. CI placed the money in his right sweatpants pocket as he opened the door to Inv. Conrad's vehicle. CI then got into the vehicle and sat in the rear passenger seat. Immediately after he sat down, CI handed Inv. Conrad the cigar box. Inv. Conrad opened the box and observed a large amount of methamphetamine inside along with a digital scale.

All parties continued to travel in the vehicle and Inv. Conrad advised CI he was not going to ask him anything or talk to him about anything further. Inv. Conrad told CI that Special Agent Czaplewski and Sergeant Atwell were going to meet him at the Law Enforcement Center to speak with him. Inv. Conrad, Inv. Berlie and CI arrived at the Law Enforcement Center and

entered interview room 103. CI was taken out of handcuffs and all parties waited there until SA Czaplewski and Sgt. Atwell arrived.

SA Czaplewski and Sgt. Atwell arrived and entered the interview room. Inv. Conrad and Inv. Berlie left the room and started to process the suspected methamphetamine evidence. Inv. Berlie weighed and pre-tested the methamphetamine at the Law Enforcement Center. The suspected methamphetamine pre-tested positive for controlled substance weighing 158 grams.

SA Czaplewski completed the Miranda interview and Inv. Berlie assisted SA Czaplewski in walking CI to the Hall County Jail where CI was booked in for Possession with Intent to Distribute.

On 03/02/2015, at approximately 3:44 p.m., CI was interviewed by SA Monte R. Czaplewski and Sgt./TFO Jerry Atwell at the Grand Island Police Department. CI voluntarily waived his Miranda rights and signed an FD-395 Advise of Rights form. CI stated that he had admitted to TFO Rick Conrad that he had been in possession of approximately four ounces of methamphetamine (meth) and had voluntarily provided it to TFO Conrad after retrieving it from his residence. The meth was supplied by "CUBANO" and CI had obtained it "last Saturday night." "CUBANO" contacted CI via cellular telephone and they agreed to meet at a house, further identified by CI as being by St. Mary's church, brown in color, and on the northeast corner on a cross street that intersects with Charles Street. Further, CI stated this was the same residence he had previously shown/identified to TFO Conrad. CI, "CUBANO" and a female with "CUBANO" met at the residence and "CUBANO" drove a dark Charger. Once inside and on the main floor, "CUBANO" checked CI to ensure CI was not "wired," retrieved the meth from a cookie jar, and provided it to CI. The meth was being provided on a "front" for $750.00/ounce. It should also be noted that CI had $1,400.00 in United States currency in his possession, with a majority in $20 denominations. CI stated that the currency was from a recent roofing job, however, he could not provide any verifiable specifics as to the source of the roofing job or address of the residence.

When questioned about CI's telephonic contact with "CUBANO," CI voluntarily accessed his cellular telephone in an attempt to provide a specific time when he was in contact with "CUBANO" during the front of the meth. CI provided the number 308-850-5007 as "CUBANO's" but could neither find either a text or phone log from the meeting with "CUBANO." CI stated that he must have deleted any contact with "CUBANO" as he did not want to incriminate himself by having any contact on his phone.

_____
Investigator Richard Conrad
Central Nebraska Drug and Safe Streets Task Force

Sworn to before me by telephone and reasonable electronic means:

Date: March 3, 2015.

_____
Cheryl R. Zwart, United States Magistrate Judge